Opinion issued March 27, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00536-CR




DANIEL EARL CHASE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 893922
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Daniel Earl Chase, guilty of possession of a firearm, and
appellant pled true to two prior felony convictions alleged in enhancement paragraphs. 
Pursuant to an agreement with the State, the trial court assessed appellant’s
punishment at 28 years’ confinement in prison. Appellant’s sole point of error
challenges the denial of his pretrial motion to suppress the weapon police seized
during a pat-down search of appellant. We affirm.
Background
          Viewed in the light most favorable to the trial court’s ruling, the record reflects
that in October 2001, an undercover Drug Enforcement Administration (DEA) agent
purchased several ounces of cocaine from David Young Williams. On November 14,
2001, the DEA agent contacted Williams to purchase a larger amount of cocaine. The
transaction was to take place in a grocery store parking lot. 
          Williams met the undercover DEA agent in the parking lot, but did not bring the
cocaine. However, Williams told the agent that he could contact someone to bring him
the cocaine and would return shortly with the narcotics. 
          Peace officers continued their surveillance of Williams after he left the meeting
with the agent and observed him place a telephone call and drive to a gas station,
where he met appellant. Appellant was driving a maroon Toyota. On conducting a
registration check of the Toyota, peace officers learned there was an outstanding
warrant, connected to the vehicle, for “Sham Chase.” Williams and appellant parted,
and Williams proceeded to a laundromat, where he began doing laundry. The DEA
agents concluded that Williams would not complete the planned cocaine transaction
and arrested him on an outstanding arrest warrant from the October narcotics sale. 
          After his arrest, Williams agreed to contact his cocaine supplier. Williams
identified his supplier as “Chase” and described the supplier as the same black male
who drove the maroon Toyota and with whom he had met earlier. As instructed by the
DEA agents, Williams told “Chase” to meet him in the parking lot of a fast-food
restaurant with the narcotics. 
          Officers parked Williams’s car and set up surveillance in the parking lot of the
fast-food restaurant, where they saw the same maroon Toyota pull in and park next to
Williams’s car. They then saw appellant get out of the Toyota and begin walking
toward the restaurant. An officer who handcuffed appellant and conducted a pat-down
search for weapons testified that he “frisked” appellant for officer safety because of
the inherent dangers of investigating narcotics offenses and because narcotics
offenders typically carry weapons. The officers recovered a .22 caliber pistol during
the pat-down search and arrested appellant.Standard of Review
          We review a trial court’s ruling on a motion to suppress evidence under an
abuse of discretion standard. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App.
2002); Shpikula v. State, 68 S.W.3d 212, 218-19 (Tex. App.—Houston [1st Dist.]
2002, pet. ref’d). In applying this standard, we defer to the trial court’s determination
of historical facts and review the court’s application of search and seizure law de
novo. Balentine, 71 S.W.3d at 768; see Shpikula, 68 S.W.3d at 218. 
Detention and FriskAppellant’s sole point of error challenges the denial of his motion to suppress
the gun seized during the pat-down search. Appellant argues there were no specific
and articulable facts that, taken together with rational inferences from those facts,
reasonably warranted the intrusion of a pat-down search. An officer is authorized to
detain a suspect if he has reasonable suspicion to believe that an individual is involved
in criminal activity. Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). 
          After Williams told the undercover agent that he would obtain cocaine from his
supplier, officers saw Williams make a telephone call and meet with appellant, who
was driving a maroon Toyota. Williams identified appellant by name as “Chase” and
gave officers a description of his narcotics supplier as the same black male who was
driving the maroon Toyota when Williams met with him. Appellant appeared at the
fast-food restaurant in the same maroon Toyota and parked next to Williams’s car in
compliance with Williams’s instructions for the transfer of the narcotics. The
evidence supports a finding that officers had reasonable suspicion, based on
sufficient, articulable facts, to believe that appellant was involved in criminal activity
and could properly be detained.
          A peace officer may conduct a pat-down search for officer safety if the officer
has specific and articulable facts that could reasonably lead him to conclude that a
suspect might possess a weapon. Id. at 329. Appellant was stopped due to an
articulable suspicion that he was delivering illegal narcotics. “Since weapons and
violence are frequently associated with drug transactions, the officers reasonably
believed that the individual with whom they were dealing was armed and dangerous.” 
Carmouche, 10 S.W.3d at 330. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).